G. W. COLTON *et als. vs.* WILLIAM F. STANWOOD *et als.*

Androscoggin.    Decided November 22, 1878.

*Bond.  Poor debtor.  Pleading.  Venue.  Variance.*

In an action on a poor debtor bond executed in accordance with R. S., c. 113, § 24, the plaintiff in the first instance need not count upon any other than the penal part of the instrument, leaving the condition to be pleaded by the defendant if it affords him any defense.

The penal part of the instrument will maintain an action, the breach being the non-payment of the money.

The bond in its terms appeared to be signed by the defendants at Lewiston, in the county of Androscoggin.  The declaration was that the defendants, "at said Lewiston, to wit, at said Auburn," bound and acknowledged themselves.  *Held,* that the venue was properly enough laid, and that there was no variance between the bond and the declaration.

Form of a declaration where the obligees are wrongly named in the bond.  See statement of the case.

ON REPORT.

DEBT.  "For that the said defendants, at Lewiston, aforesaid, to wit, at said Auburn, on the twenty-third day of February, A. D. 1875, by their writing obligatory of that date, by them signed, sealed with their seals, and here in court to be produced, bound and acknowledged themselves to be indebted to the plaintiffs, under the names of G. W. Carlton, C. B. Carlton, H. F. Zahm and L. A. Roberts, all of the city, county and state of New York, copartners in business under the firm name and style of Carlton, Zahm & Roberts, in the sum of one hundred and eighty two dollars and seventy-eight cents, to be paid to the plaintiffs on demand.  Yet the said defendants, though requested, have not paid the same, to the damage," etc.

The plaintiffs put in evidence, subject to the defendants' objection, the bond declared on, running to G. W. Carlton, etc., as stated in the declaration, and not to Colton, etc., the true names of the plaintiffs.  The bond contained this condition : "Now if the said William F. Stanwood shall, in six months from the time of executing this bond, cite the said Carlton, Zahm & Roberts, the creditors, before two justices of the peace and of the quorum, and submit himself for examination, agreeable to the 113 chapter

of the revised statutes, and take the oath prescribed in the 30th section of said chapter, to pay the debt, interest, cost and fees arising in said execution, or deliver himself into the custody of the jailer, agreeable to the 24th section of the chapter above referred to, then this obligation to be void, otherwise to remain in full force."

*W. P. Frye, J. B. Cotton & W. H. White,* for the plaintiffs.

*C. Record,* for the defendants.

I. Plaintiffs should allege breaches of the conditions of the bond. R. S., c. 82 § 16. And, not having done so, cannot recover. *Willoughby* v. *Swinton,* 6 East. 550. *Welch* v. *Ireland,* Id. 613. *Gale* v. *O'Bryan,* 12 Johns. 216. The statute of 8 and 9, William III, c. 11, § 8, similar to ours, has been construed to be compulsory on the plaintiff. *Roles* v. *Rosewell,* 5 Term R. 538. *Hardy* v. *Bern,* Id. 636.

II. The bond set out is an obligation to pay money; the breach assigned is that the money has not been paid. The qualified covenant, having been set out as a general covenant, omitting the limitation, the variance is fatal. 1 Greenl. Ev. § 69.

III. A disclosure by Stanwood would be no defense to a suit on such a bond.

VIRGIN, J. The bond in suit was executed in accordance with the provisions of R. S., c. 113, § 24, and is therefore a statute bond. It was made to these plaintiffs as obligees in fact, although by other names. This is alleged and proved; and the law pertaining to that subject was settled between these parties in the case reported in 67 Maine, 25.

The authorities cited under the first two points of the defendants' brief are not applicable to this case. All authorities concur in holding that, in debt on bond, it is not necessary for the plaintiff, in his declaration, to count upon any other than the penal part of the instrument; leaving the condition to be pleaded by the defendant, if it affords him any defense. For the penal part of the instrument alone constitutes, *prima facie,* a right of action, the breach being the non-payment of the money. *Waterman* v.

*Dockray,* 56 Maine, 52, 56. 1 Chit Pl. 363, 430, and notes. Gould Pl. c. 4, § 17, and notes. The defendant, Stanwood, never having even attempted to perform any of the conditions of the bond, had no occasion to pray oyer and plead performance. If he never performed the conditions he could not be benefitted by having them spread upon the record by the plaintiffs.

The defendants complain that Stanwood's disclosure would be no defense. If that be true, they should not have tendered such a bond. He did not make any disclosure, and whether his disclosure, if made, would constitute a defense we have no occasion to consider.

The venue is properly laid in the declaration.

This being a statute bond, judgment should be entered for the plaintiffs, in accordance with the provisions of R. S., c. 113, § 40.

*Judgment for plaintiffs.*

APPLETON, C. J., WALTON, BARROWS and LIBBEY, JJ., concurred.